**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ORLANDO VASQUEZ VALLE,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **EP-26-CV-01018-DB** |
| | § | |
| | § | |
| **MARKWAYNE MULLIN**, *in his official* | § | |
| *capacity, secretary of U.S. Department of* | § | |
| *Homeland Security, et al.,* | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the above-captioned case. On April 16, 2026, the Court issued an "Order," ECF No. 5, granting in part Petitioner Orlando Vasquez Valle's "Petition for Writ of Habeas Corpus," ECF No. 1, filed on April 9, 2026.  Therein, the Court directed the parties to file a joint notice advising the Court of any outstanding issues by May 1, 2026. ECF No. 5 at 4. On May 1, 2026, the parties filed a "Joint Notice to the Court," ECF No. 7, advising the Court "Petitioner raised an issue with an ankle monitor as a condition of release that was imposed by ICE." ECF No. 7 at 1. The Court notes the Immigration Judge's ("IJ") order granting Petitioner release from custody under a bond of $2,500 does not contain any provision for additional conditions. *See* ECF No. 6-1 at 1. Pending any superseding appeal or further order of the IJ, the conditions imposed by the Immigration Judge in his April 20, 2026, order are the only ones lawfully imposed.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has determined ICE's imposition of additional conditions of release that are not imposed in an Immigration Judge's order is unlawful. *See Rodriguez Muniz v. Noem*, No. EP-25-CV-00671-DB, (W.D. Tex. March 6, 2026). As such, any motion filed by Petitioner on this issue will likely

be granted. In addressing the Court in opposition to any prospective motion filed by Petitioner, Respondents should avoid boilerplate arguments this Court has already rejected. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner **SHALL FILE** any motions on this issue **no later than May 8, 2026.**

**IT IS FURTHER ORDERED** that Respondents **SHALL FILE** a response **no later than May 13, 2026.**

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than May 15, 2026.**

**SIGNED** this **4th** day of **May 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**